IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

H. O'NEAL FULTON and
GREGORY J. DORSEY                                                    PLAINTIFFS

v.                                   CIVIL ACTION NO. 1:20-cv-356-HSO-RHWR

GOODNIGHT TERMINAL
SERVICES, INC.                                                        DEFENDANT

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte* to consider Plaintiffs H. O'Neal Fulton
and Gregory J. Dorsey's failure to comply with an order of the Court, prosecute this
case, and keep a current address on file with the Court. Having considered the record
and relevant legal authority, the undersigned United States Magistrate Judge
recommends that this case be dismissed without prejudice for failure to prosecute and
obey an Order of the Court.

## I. BACKGROUND

Plaintiff H. O'Neal Fulton and Gregory J. Dorsey ("Plaintiffs") filed suit under
Title VII of the Civil Right Act of 1964 alleging employment discrimination by
Defendant Goodnight Terminal Services, Inc. Compl. [1]. Plaintiffs' Complaint
asserts claims for harassment, hostile work environment, retaliation, and negligent
supervision and hiring. *Id*. at 8-12.

On October 1, 2021, Plaintiffs' attorney, Edward Gibson, filed a Motion to
Withdraw as Counsel. Mot.to Withdraw [17]. Mr. Gibson asserted that Plaintiffs were

aware of his intent to seek withdrawal but had not consented. *Id*. On October 20, 2021, the Court entered an Order taking the [17] Motion to Withdraw under advisement. Order [19]. On November 8, 2021, the Court entered an Order granting the [17] Motion to Withdraw as Counsel. Order [20].

The Court's [20] Order directed the Plaintiffs to either (1) employ new counsel and have that counsel enter a written notice of appearance, or (2) notify the Clerk of Court, in writing, that they will represent themselves, on or before December 6, 2021. *Id*. at 2. The Court warned the Plaintiffs that failure to comply would subject the case to dismissal without prejudice. *Id*. The Court further warned the Plaintiffs that failure to prosecute the case, obey orders of the Court, or keep the Court apprised of their current mailing addresses would likewise subject the case to dismissal. *Id*. The Court mailed a copy of the [20] Order to each Plaintiff at their address of record. *Id*. at 3. The [20] Order mailed to Plaintiff Gregory J. Dorsey was returned as undeliverable. Mail Returned as Undeliverable [21]. Neither Plaintiff has responded to the [20] Order.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Court finds that there is a clear record of delay and contumacious conduct on the part of Plaintiffs. Despite being warned that failure to abide by the Court's orders or advise the Court of a change in address would be deemed a purposeful and contumacious act that would result in the case being dismissed, Plaintiffs have not complied with the Court's [20] Order, and Plaintiff Gregory J. Dorsey has failed to keep his address current with the Court. As a result of Plaintiff Dorsey's failure to advise the Court of a change in address, the [20] Order granting the Motion to Withdraw was returned as undeliverable. It appears from the record that Plaintiffs are no longer interested in pursuing this case. Outside of the Motion to Withdraw, filed by Plaintiffs' former attorney, Plaintiffs have not corresponded with the Court since May 18, 2021. Minute Entry 5/18/21. Further, the Court finds that lesser sanctions than dismissal would not prompt diligent prosecution, but instead such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a

court order). Accordingly, all claims against Defendant Goodnight Terminal Services, Inc., should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiffs' failure to prosecute and abide by an Order of the Court.

### III.    RECOMMENDATION

Based on the above analysis, the undersigned United States Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and obey an Order of the Court.

### IV.    NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

4

1428-29 (5th Cir. 1996).

   **SIGNED,** this the 15th day of December, 2021.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE