IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| H. O'NEAL FULTON and § <br> GREGORY J. DORSEY § <br> § <br> v. § <br> § <br> GOODNIGHT TERMINAL § <br> SERVICES, INC. § | | PLAINTIFFS <br><br><br> Civil No. 1:20-cv-00356-HSO-RHWR <br><br><br> DEFENDANT |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23] AND DISMISSING PLAINTIFFS' CLAIMS WITHOUT PREJUDICE

BEFORE THE COURT is United States Magistrate Judge Robert H. Walker's Report and Recommendation [23], which recommends dismissing Plaintiffs H. O'Neal Fulton and Gregory J. Dorsey's claims without prejudice for failure to prosecute and obey an Order of the Court. Neither Plaintiff has objected to the Report and Recommendation and the time for doing so has long passed. After due consideration of the Report and Recommendation [23], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [23] should be adopted and that Plaintiffs H. O'Neal Fulton and Gregory J. Dorsey's claims should be dismissed without prejudice.

I. BACKGROUND

On November 28, 2020, Plaintiffs H. O'Neal Fulton and Gregory J. Dorsey ("Plaintiffs") filed suit in this Court, invoking federal question subject-matter jurisdiction and naming Goodnight Terminal Services, Inc. ("Defendant") as a Defendant. Compl. [1]. Plaintiffs' Complaint [1] advances claims under Title VII of

the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*.) for harassment, hostile work environment, and retaliation, and a state-law claim for negligent supervision and hiring. *Id*. at 8-12.

On October 1, 2021, Plaintiffs' counsel filed a Motion [17] to Withdraw, asserting that his clients were aware of his intent to withdraw but that they did not join in or consent to the Motion. Mot. [17] at 1. On October 20, 2021, the Magistrate Judge entered an Order [19] taking the Motion under advisement, Order [19], and ordered Plaintiffs' counsel to give Plaintiffs the required reasonable notice of the Motion and provide the Court with Plaintiffs' addresses and telephone numbers, *id*. at 2.

On November 8, 2021, the Court granted the Motion [17] to Withdraw and directed Plaintiffs to, by December 6, 2021, either (1) obtain new counsel and have new counsel enter a written notice of appearance, or (2) notify the Clerk of Court of their intent to proceed pro se. Order [20] at 2. The Court warned Plaintiffs that a failure to comply with its Order [20] could result in dismissal of the case without prejudice for failure to prosecute and to obey the Court's orders. *Id*. A copy of the Order [20] was mailed to each Plaintiff at his address of record. *Id*. at 3. The Order [20] mailed to Plaintiff Gregory J. Dorsey was returned as undeliverable. Mail [21] Returned as Undeliverable. Neither Plaintiff has ever responded to the Order [20].

On December 15, 2021, the Magistrate Judge entered a Report and Recommendation [23], recommending that the Court dismiss Plaintiffs' claims for failure to prosecute and obey an Order [20] of the Court. R & R [16] at 4. The

Magistrate Judge found a "clear record of delay and contumacious conduct on the part of Plaintiffs" based on Plaintiff Gregory J. Dorsey's failure to inform the Court of his current address and both Plaintiffs' failure to comply with the Court's Order [20]. *Id.* at 3. Plaintiffs have not communicated with the Court, outside of the Motion [17] to Withdraw filed by Plaintiff's former counsel, since May 18, 2021, which the Magistrate Judge found evidenced a disinterest in pursuing this case. *See* Min. Entry May 18, 2021. Accordingly, the Magistrate Judge concluded that Plaintiffs' claims against Defendant should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).[1]

## II.  DISCUSSION

Because neither party has objected to the Magistrate Judge's Report and Recommendation [23] and the time for doing so has long passed, L.U. Civ. R. 72(a)(3); 28 U.S.C. § 636(b)(1), the Court is not required to conduct a de novo review of it, 28 U.S.C. § 636(b)(1). The Court need only review the Report and Recommendation [16] and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court finds that the Report and Recommendation [23] is neither clearly erroneous nor contrary to law and that it should be adopted as the finding of the Court. Plaintiffs H. O'Neal Fulton and Gregory J. Dorsey's claims against Goodnight Terminal Services, Inc., should be dismissed without prejudice.

---

[1] The Report and Recommendation [23] mailed to Plaintiff Gregory J. Dorsey was returned as undeliverable. Mail [26] Returned as Undeliverable.

III.  CONLCUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [23], entered in this case on December 15, 2021, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs H. O'Neal Fulton and Gregory J. Dorsey's claims against Goodnight Terminal Services, Inc., are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to obey the Court's Order. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of February, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE